United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

JAMES I. ROSENFELD, in his individual and representative capacity as trustee of the James I. and Arlene Helen Rosenfeld Trust; ARLENE H. ROSENFELD, in her individual and representative capacity as trustee of the James I. and Arlene Helen Rosenfeld Trust; ELZA HINOSTROZA; and DOES 1–10,

    Defendants.

No. C 18-05873 WHA

**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING**

**INTRODUCTION**

In this action asserting claims under the Americans with Disabilities Act and California's Unruh Civil Rights Act, defendants move to dismiss plaintiff's state-law claim. For the following reasons, the motion is **DENIED**.

**STATEMENT**

Plaintiff Scott Johnson, who had quadriplegia, used a wheelchair for mobility. On several occasions in 2017 and 2018, plaintiff visited the Big Basin Café in Saratoga, California. During these visits, plaintiff encountered various accessibility barriers in connection with the restaurant's restrooms, dining tables, and transaction counters. Plaintiff initiated this action in September 2018, asserting claims under the Americans with Disabilities Act and California's

Unruh Civil Rights Act. Defendants now move to dismiss plaintiff's state-law claim, arguing that supplemental jurisdiction over the claim should be declined (Dkt. Nos. 1, 15).

This order follows full briefing. Pursuant to Civ. L.R. 7-1(b), this order finds the motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for December 20.

**ANALYSIS**

With certain exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district courts may decline to exercise supplemental jurisdiction over a claim if, among other things, "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction" or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id*. at § 1367(c)(2), (4). In exercising this discretion, district courts should be informed by "values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)

In addition to a claim under the Americans with Disabilities Act, the complaint asserts a claim under California's Unruh Civil Rights Act. The Unruh Act provides for statutory damages and expressly renders an ADA violation a violation of the Unruh Act. Cal. Civ. Code §§ 51(f), 52. Supplemental jurisdiction should therefore be exercised over plaintiff's state-law claim because it indisputably arises from a common nucleus of operative facts. Even if one of Section 1367(c)'s exceptions applies, there is no reason to decline supplemental jurisdiction where, as here, plaintiff's Unruh Act claim is predicated on his ADA claim. Although filing an Unruh Act claim in this action may relieve plaintiff of certain procedural requirements that would apply in state court — such as alleging the date of each particular occasion plaintiff encountered the specific barriers and stating the number of disability-access lawsuits he has filed in the past twelve months — proceeding on identical cases in two courts would be unduly inconvenient and would undercut judicial economy by causing wasteful duplication in parallel

proceedings. Exercising supplemental jurisdiction remains in the interest of "economy, convenience, fairness and comity."

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss plaintiff's Unruh Act claim is **DENIED**. The hearing set for December 20 is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 13, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE